# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA ANDERSON, | ) | CASE NO. 1:24-CV-383 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL, SECURITY | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Plaintiff Lisa Anderson seeks judicial review of an adverse Social Security decision under 42 U.S.C. § 405(g).  (ECF #1.)  This case was referred to a Magistrate Judge for Report and Recommendation ("R&R") pursuant to Local Rule 72.2.  (*See* Docket Entry 3/1/24.)  The Magistrate Judge recommends the Court affirm the Commissioner's final decision.  (ECF #12.)  Plaintiff timely filed objections to the R&R (ECF #13) and the Commissioner responded.  (ECF #14.)

## PROCEDURAL HISTORY

This matter concerns Plaintiff's April 21, 2021 claim for Disability Insurance Benefits alleging a disability onset date of January 1, 2020, and her May 3, 2021 claim for Supplemental Security Income, alleging a disability onset date of August 10, 2006.  Plaintiff's claims were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was granted.

1

The ALJ held a hearing on December 22, 2022. Both Plaintiff and a neutral vocational expert testified. On April 5, 2023 the ALJ issued a written decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

On appeal to this Court Plaintiff raised one legal issue: The ALJ's evaluation of Dr. Konieczny's memory limitations for Plaintiff due to her major neurocognitive disorder is not supported by substantial evidence. (ECF #8.) The Commissioner argued the ALJ's evaluation was properly supported and that Plaintiff failed to provide evidence to the ALJ to show a different residual functional capacity ("RFC"). (ECF #10.) The Magistrate Judge considered the arguments and found the ALJ's evaluation was properly supported and that Plaintiff failed to meet her burden to demonstrate the resulting RFC does not accommodate her impairments. Accordingly, the Magistrate Judge has recommended that the Court affirm the Commissioner's decision. (ECF #12.)

Plaintiff raises one objection to the Report and Recommendation: The Magistrate Judge erred in finding the ALJ properly evaluated Dr. Konieczny's memory limitations related to Plaintiff's major neurocognitive disorder. More specifically, Plaintiff objects that the Magistrate erred in finding the ALJ properly considered the consistency of Dr. Konieczny's opinion.

## STANDARD OF REVIEW

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the report and recommendation to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock,* 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de

novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.,* 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.,* 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.,* 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006).

Even when there is substantial evidence however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.,* 582 F.3d 647, 651 (6th Cir. 2009) (quoting

*Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue,* 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011).

Effective March 27, 2017, the "treating physician rule" was eliminated when the Social Security Administration revised the rules and regulations applicable to the evaluation of medical evidence for claims filed on or after that date. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01; *see also* 20 C.F.R. § 404.1520c ("For claims filed (see § 404.614) on or after March 27, 2017, the rules in this section apply. For claims filed before March 27, 2017, the rules in § 404.1527 apply."). Because Plaintiff's claims were filed after March 27, 2017, the Social Security Administration's new regulations for evaluating medical opinion evidence apply.

The new regulations provide that the Commissioner will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner will consider "how persuasive" the medical opinion is. 20 C.F.R. § 404.1520c(b).

In determining the persuasiveness of a medical opinion, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship and examining relationship, (4) specialization and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors the ALJ must consider are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). With respect to the

supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ." 20 C.F.R. § 404.1520c(c)(2).

The ALJ is required to "explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the written decision. 20 C.F.R. § 404.1520c(b)(2). Conversely, the ALJ "may, but [is] not required to, explain" how he/she considered the relationship, specialization and other factors set forth in paragraphs (c)(3) through (c)(5) of the regulation. *Id.*

## DISCUSSION

Throughout the administrative consideration and subsequent litigation of her disability claims, Plaintiff has consistently reported memory issues from a head trauma suffered in 2006. On November 30, 2022, Plaintiff came under the care of psychiatrist Samar Said El-Sayegh, M.D., to treat her depression, night terrors, anxiety and PTSD. Dr. El-Sayegh included head trauma and memory loss in his medical review but his assessment and diagnoses did not reference any impairment. Dr. El-Sayegh diagnosed Plaintiff with PTSD and Major Depressive Disorder for which he prescribed medication. (ECF #7.)

On February 2, 2022, Plaintiff underwent a psychological evaluation with J. Joseph Konieczny, Ph.D., and reported having "problems remembering things." She also reported suffering a work-related injury in 2005 [sic] where she suffered a traumatic brain injury ("TBI") and was knocked unconscious for a period of time. *Id.* Dr. Konieczny noted Plaintiff reported significant memory issues since the episode. *Id.* Dr. Konieczny administered the Wechsler

5

Adult Intelligence Scale IV ("WAIS-IV") and indicated that "although there is no psychometric data regarding premorbid levels of functioning . . . she has suffered from some mild to moderate verbal intellectual decline that may be a residual effect of this history." *Id.* He also administered the Wechsler Memory Scale IV. *Id.* Plaintiff's results indicated that her memory capabilities were within the extremely low level up to the borderline level. *Id.* According to Dr. Konieczny, these scores were significantly lower than expected given the WAIS-IV results. *Id.*

Dr. Konieczny assessed Plaintiff with Major Neurocognitive Disorder. *Id.* In his opinion, this was due to her history of "TBI, without behavioral impairment, mild." *Id.* He further opined she "would have periodic difficulties in maintaining focus and persistence on even simple multi- step tasks," "diminished tolerance for frustration and diminished coping skills which would impact her ability to respond to typical supervision and interpersonal situations . . . [and] which would impact her ability to respond to typical pressure situations in the work setting." *Id.*

On December 22, 2022, Plaintiff testified at a hearing before the ALJ. *Id.* In relevant part, Plaintiff stated that she lives with her husband and her mother, she does not have a driver's license and she completed high school. She has difficulty completing household chores such as dishes because her "left hand doesn't work right" and she must "do everything right-handed." *Id.* She does not do too much during the day due to back pain causing her to sit and stand often. *Id.* She described being unable to work due to the undiagnosed issues with her left hand; that she requires a lot of shifting between sitting and standing; and that she cannot find a job that allows her to sit. *Id.* She also had issues with memory gaps and was unable to remember tasks for her work. *Id.* She has anxiety in social situations and she has difficulty remembering things due to nerves. *Id.*

A vocational expert ("VE") testified that her past work would be ruled out due to the necessity of social interactions in the workplace. *Id.* However, there were relevant jobs in the national economy that Plaintiff could perform such as routing clerk, mail clerk and inspector/hand packager. *Id.*

From the record and testimony, the ALJ issued a written decision finding Plaintiff was not disabled and had a "residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except occasional climbing of ramps/stairs; no climbing of ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently handle, finger, and feel; no exposure to unprotected heights, hazardous machinery, or operate a motor vehicle; performing simple routine tasks, with simple short instructions, making simple decisions, occasional workplace changes, no strict production rate or hourly quotas, and only occasional interaction with coworkers, supervisors, and the public." *Id.*

The written decision details an analysis of Dr. Konieczny's medical opinion, which is the subject of Plaintiff's objection:

> On February 2, 2022, the claimant attended a psychological consultative examination conducted by J. Joseph Konieczny, PhD. When queried as to her current disability, the claimant stated, "I have bad nerves and problems remembering things." The claimant reported that she was depressed and had a lot of anxiety. The claimant had no significant behavioral health history and she was not taking any psychiatric medication. On examination, the claimant's grooming and hygiene appeared to be adequate. Although pleasant and cooperative, she was occasionally vague in her presentation. Nonetheless, she responded to all questions and tasks posed to her. Her level of motivation and participation throughout the evaluation seemed adequate. She spoke reasonably well with no looseness of associations or tangentiality evident in her conversation. Overall, she seemed quite capable of expressing herself in a clear and coherent manner. In terms of sensorium and cognitive functioning, the claimant was oriented for person, place, and time; her ability to concentrate and to attend to tasks showed no indications of impairment; she performed a serial three subtraction without error; she recalled one of three objects after a period of five minutes had elapsed; her recall for digits was in the superior range, encompassing nine digits forward and four digits backwards; and she showed no deficits in her ability to perform logical abstract reasoning. Her

> insight into her current situation seemed fair. She showed no deficits in her awareness of rules of social judgment and conformity, but she showed some deficits in her overall level of judgment. IQ testing revealed a full-scale IQ of 91, placing her in the average range of adult intellectual functioning. Dr. Konieczny also administered the Wechsler Memory Scale IV which showed significant memory deficits. Dr. Konieczny noted that although there was no psychometric data regarding premorbid levels of functioning, given her apparent educational and vocational history, it would appear that the claimant suffered from fairly significant and global memory decline that was likely a residual effect of her traumatic brain injury she suffered from a work accident in 2005. Dr. Konieczny diagnosed panic disorder, other specified depressive disorder, other specified trauma disorder, and major neurocognitive disorder due to a history of traumatic brain injury, mild (B4F).
>
> Regarding the four work-related mental abilities, Dr. Konieczny expressed the following medical opinion: (1) as a result of her neurocognitive impairment, the claimant would have limitations in the ability to understand, remember, and carry out instructions; (2) as a result of her neurocognitive impairment and mood symptoms, the claimant would have periodic difficulties in maintaining focus and persistence on even simple multi-step tasks; (3) as a result of her neurocognitive impairment and mood symptoms, the claimant would have diminished tolerance for frustration and diminished coping skills which would impact her ability to respond to typical supervision and interpersonal situations in the work setting; and (4) as a result of her neurocognitive impairment and mood symptoms, the claimant would have diminished tolerance for frustration and diminished coping skills which would impact her ability to respond to typical pressure situations in the work setting (B4F/6).
>
> Dr. Konieczny's medical opinion is not persuasive because it is not supported with collateral objective evidence of a "traumatic brain injury." The claimant's treating sources do not mention a history of brain injury/traumatic brain injury although the claimant's medical evidence of record indicates a past medical history of work-related "back pain" in 2006 (B1F/6). Dr. Konieczny's medical opinion is not persuasive because it is not consistent with his diagnosis of "mild" major neurocognitive disorder. Dr. Konieczny's medical opinion is not persuasive because although it is somewhat supported by his memory testing of the claimant, it is not well supported by his mental status examination of the claimant or his IQ testing of the claimant.

*Id.*

In her Brief on the Merits, Plaintiff asserted that the ALJ's evaluation of Dr. Konieczny's memory limitations for Plaintiff due to her major neurocognitive disorder was not supported by substantial evidence. (ECF #8.) The Magistrate Judge examined the written decision and found

8

that a plain reading of the decision demonstrated that the ALJ analyzed Dr. Konieczny's opinion according to Social Security regulations and described the reasons she found it unpersuasive in terms of supportability and consistency, thus meeting the requirements under the law. (ECF #12.)

Plaintiff objects to the Magistrate Judge's report and recommendation, asserting it fails to properly address Plaintiff's argument that the ALJ misevaluated the consistency factor. Plaintiff's objection mirrors her brief on the merits in that it asserts the ALJ erred by failing to discuss how Dr. Konieczny's medical opinion of Plaintiff's focus and persistence limitations are consistent with the evidence from other medical sources and non-medical sources in the record. The Court disagrees.

The Sixth Circuit has held that meaningful judicial review exists—even if the ALJ provided only a cursory or sparse analysis—if the ALJ made sufficient factual findings elsewhere in the decision that support his conclusion. *See Bledsoe v. Barnhart,* 165 F. App'x 408, 411 (6th Cir. 2006) (looking to findings elsewhere in the decision to affirm the ALJ's step three analysis, and finding no need for the ALJ to "spell out every fact a second time"); *Forrest v. Comm'r of Soc. Sec.,* 591 F. App'x 359, 365-66 (6th Cir. 2014) (finding that the ALJ made sufficient factual findings elsewhere in his decision to support his conclusion at step three). This principle applies to opinion evidence analysis. *E.g., Crum v. Comm'r of Soc. Sec.,* 660 F. App'x 449, 457 (6th Cir. 2016).

In Step Four of the written decision the ALJ addressed Plaintiff's mental limitations with specific reference to Dr. Konieczny's opinion:

> In understanding, remembering, or applying information, the claimant has a moderate limitation. The claimant testified that she has memory problems. The claimant has "average" intelligence (B4F/5). In February 2022, consultative examiner J. Joseph Konieczny, PhD, diagnosed the claimant with major

9

>neurocognitive disorder, mild (B4F/6). The claimant's reasoning and judgment capabilities are sufficient for caring for herself and participating in treatment (see Finding #5). From all of this, the undersigned finds that difficulties in this area are no more than moderate.
>
>In interacting with others, the claimant has a moderate limitation. The claimant testified that she has difficulty interacting with others due to nervousness. The claimant lives with her husband and her mother (testimony). There is no evidence of problems getting along with family, friends, neighbors, or others. The claimant attends medical appointments without incident (see Finding #5). From all of this, the undersigned finds that difficulties in this area are no more than moderate.
>
>With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. Dr. Konieczny opined that the claimant would have "periodic" difficulties in maintaining focus and persistence (B4F/6). However, his mental status examination of the claimant indicates that the claimant's ability to concentrate and to attend to tasks showed no indications of impairment and her level of motivation and participation throughout the evaluation seemed adequate (B4F/4). The claimant runs errands, performs chores, and cooks (B4F/4). From all of this, the undersigned finds that difficulties in this area are no more than moderate.
>
>As for adapting or managing oneself, the claimant has experienced a moderate limitation. While the claimant may exhibit some difficulty regulating her emotions, the claimant has not been psychiatrically hospitalized and there are no Emergency Department visits for acute psychiatric symptoms. She has not required or received frequent or intensive outpatient mental health services. From all of this, the undersigned finds that difficulties in this area are no more than moderate.

ECF #7.

In the Step Five analysis, the ALJ noted Plaintiff's testimony that she "has memory problems and difficulty interacting with others due to nervousness." *Id.* She added, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record …. In particular, the claimant's allegations are out of proportion to the medical evidence and other evidence." *Id.* The ALJ also juxtaposed Dr. Konieczny's findings with that of another medical provider, Dr. El-Sayegh, noting, "As recounted above, the mental status examination of the claimant by Dr. Konieczny contains some abnormal findings and the mental status examination of the claimant by Dr. El-Sayegh contains minimal abnormal findings." *Id.*

10

The foregoing reflects the ALJ carefully examined the entirety of the record, weighing evidence and resolving conflicts. The ALJ specifically noted internal and external conflict with Dr. Konieczny's opinion, such as Dr. Konieczny's mental status examination showed no indications of impairment of Plaintiff's ability to concentrate, socialize and care for herself and claimant's allegations were out of proportion to the evidence. Likewise, the ALJ noted the difference of opinion from two separate mental status examinations. Those observations speak to the ALJ's consideration of the consistency of Dr. Konieczny's opinion.

When evaluating a medical opinion, an ALJ must, at minimum, explain her consideration of that medical opinion's supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The consistency analysis looks at how consistent a medical opinion is with evidence from other sources. 20 C.F.R. § 404.1520c(c)(2). "A reviewing court evaluates whether the ALJ properly considered the factors as set forth in the regulations to determine the persuasiveness of a medical opinion." *Toennies v. Comm'r of Soc. Sec.,* 2020 WL 2841379, at \*14 (N.D. Ohio June 1, 2020) (internal quotation marks and citation omitted).

The law does not require ALJs to use perfect diction, but only that they provide enough context for the court to trace their reasoning. *See Stacey v. Comm'r of Soc. Sec.,* 451 F. App'x 517, 519 (6th Cir. 2011). From the record it is clear that the ALJ properly considered the consistency of Dr. Konieczny's opinion against the other evidence before her and articulated reasons for her decision. That is proper under the regulations and Plaintiff has not demonstrated any error.

## CONCLUSION

The Magistrate Judge did not err in finding the ALJ applied proper legal standards and reached a decision that was supported by substantial evidence. The ALJ properly evaluated Dr. Konieczny's opinion using the supportability and consistency factors to find that it was not

11

persuasive. In the absence of a determination that the ALJ erred, the Commissioner's decision must be affirmed.

Accordingly, Plaintiff's Objections (ECF #13) are **OVERRULED,** the Magistrate Judge's Report and Recommendation is **ADOPTED** and the Commissioner's final determination is **AFFIRMED.**

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: February 10, 2025**